```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
                         CAMDEN VICINAGE
_____
                                    :
LEWIS ENGLISH,                      :
                                    :   Civil Action No. 14-4866 (RMB)
                  Petitioner,       :
                                    :
             v.                     :   MEMORANDUM OPINION AND ORDER
                                    :
STATE OF NEW JERSEY, et al.,        :
                                    :
                  Respondents.      :
_____:
```

**BUMB**, District Judge:

    On August 1, 2014, the Clerk received an application titled, "Motion To Be Restored The Proper Due Process & Constitution Rights of A Fair Trial And False Indictment - Tampering with Motion By the Clerk." Docket Entry No. 1, at 1 (capitalization and lack thereof, grammar and use of symbols in original). The application was executed by one "Lewis English" ("Petitioner") having, allegedly the SBI Number "930628." See generally, Docket. The application arrived unaccompanied by Petitioner's filing fee or a proper request to proceed in forma pauperis ("IFP"). The Clerk of the Court examined the application and, duly noting Petitioner's address (suggesting that he was a state inmate) and the overall gist of his allegations (expressing displeasure with Petitioner's prison term), characterized it as a § 2254 petition and docketed it accordingly. See id.

    Petitioner's application, composed of patchy, confusing statements, does not allow this Court to distill the events

underlying his claims, or even the exact nature of his claims, with any degree of certainty. That said, the application suggests that, not long ago, Petitioner was indicted on the charges deriving from a certain March 16, 2012, event that yielded his and his co-defendant's arrests of drug-related charges. See id. at 1-2.  After having a trial on those charges, Plaintiff was found guilty of some charged offenses and acquitted of others. See id. at 2.  Being sentenced, allegedly, to eight years in prison, he filed the application at bar stating that he "wishe[d] that the United States Federal Court [would] intervene on [his] behalf [because he was] sentenced to 8 years by a kangaroo court [on] misdemeanor charges." Id. at 2.

Since Petitioner's application is, de jure, a "motion," this Court is without subject matter jurisdiction to address it because the motion was filed unaccompanied and not preceded by a pleading, which would have vested jurisdiction in this Court. See Cook v. United States, 2013 U.S. Dist. LEXIS 68977, at *2 (D.N.J. May 15, 2013) ("[T]he Court cannot exercise subject matter jurisdiction over a non-pleading") (citing Lucente v. New Jersey, 2006 U.S. Dist. LEXIS 57374 (N.J.D.), which pointed out that the court had no subject matter jurisdiction to entertain an action commenced upon receipt of a litigant's motion since the court's subject matter jurisdiction is limited to actual pleadings); see also Bender v. Williamsport Area School Dist.,

2

475 U.S. 534, 541 (1986)(lack of subject matter jurisdiction may be raised by the Court sua sponte at any time); Van Holt v. Liberty Mutual Fire Ins. Co., 163 F.3d 161, 166 (3d Cir. 1998) (the court is obligated to continuously verify its subject matter jurisdiction at all stages of the proceeding).

However, the Clerk, not unreasonably, concluded that the overall gist of Petitioner's motion suggested that he might have meant to file a § 2254 habeas petition rather than a motion. See Cook, 2013 U.S. Dist. LEXIS 68977, at *2 (noting "the axiomatic proposition that form shall not be elevated over substance, and thus the actual content of the document - rather than its title/caption/headings - governs") (brackets omitted, citing Animal Sci. Prods. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 702 F. Supp. 2d 320, 372 (D.N.J. 2010), remanded on other grounds 654 F.3d 462 (3d Cir. 2011)).

If the Clerk and this Court are correct in their presumption that Petitioner meant to seek habeas relief, his application is deficient.  To start, Section 1914 of Title 42, United States Code, provides that "[t]he [C]lerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $ 350 except that on application for a writ of habeas corpus the filing fee shall be $ 5."  42 U.S.C. § 1914(a).  The Supreme Court, however, observed that, "while [$ 5] is . . . an 'extremely

3

nominal' sum, if one does not have it and is unable to get it[,] the fee might as well be [$ 500]." Smith v. Bennett, 365 U.S. 708, 712 (1961). Therefore, a related statute, § 1915, provides, in relevant part, that leave to proceed IFP may be granted in any suit to a litigant "who submits an affidavit [which demonstrates] that the [litigant] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Specifically, in a habeas matter, the prisoner seeking to proceed IFP must submit to the Clerk: (a) a completed affidavit of poverty; and (b) a certification signed by an authorized officer of the institution certifying both the amount presently on deposit in the petitioner's prison account as well as the greatest amount on deposit in the petitioner's prison account during the six month period prior to the date of the certification. See Local Civil Rule 81.2(b). Since the prisoner's legal obligation to prepay the filing fee or to duly obtain IFP status is automatically incurred by the very act of initiation of his legal action, the matter at bar is subject to administrative termination for Petitioner's failure to comply with Section 1914 by prepaying his $5 filing fee or by submitting his complete IFP application. See Hairston v. Gronolsky, 2009 U.S. App. LEXIS 22770, at *5 (3d Cir. Oct. 15, 2009) (citing Hall v. Stone, 170 F.3d 706, 707 (7th Cir. 1999)).

In addition, a § 2254 litigant must be in custody under the very judgment of conviction he is challenging at the time he files his habeas petition.  See 28 U.S.C. § 2254(a) ("district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"); see also 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless — . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States"); accord Spencer v. Kemna, 523 U.S. 1, 7 (1998); Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).[1]  Here, it appears that Petitioner is not in custody, since the website of the New Jersey Department of Corrections ("DOC") does not list any "Lewis English," or an inmate having SBI Number "930628," as an inmate in DOC custody.  Although this Court cannot rule out that: (a) the DOC website contains an inadvertent error; or (b) Petitioner is still at the final, post-sentencing stages of his criminal prosecution and, thus, he is

---

[1]  The general fact that Petitioner might be incarcerated is of no relevance to the "in custody" requirement.  Rather, the restraints on his liberty must arise from: (a) the operations of the very judgment of conviction he is attacking; and (b) that judgment of conviction must be in effect when he filed his motion. See Spencer, 523 U.S. at 7-8; Maleng, 490 U.S. at 491-92.

5

yet to enter DOC custody formally.  In the event Petitioner was in the DOC custody when he filed his motion (or if he is about to enter DOC custody and, in addition, he was already convicted), he may seek § 2254 habeas relief with regard to the judgment of conviction underlying his confinement under attack.

That said, the claims he wishes to litigate in this action should be duly exhausted in state fora.  All § 2254 petitions are subject to the exhaustion requirement which, albeit not posing a jurisdictional demand, is faithfully enforced and excused only in narrow circumstances.  See, e.g., Lee v. Stickman, 357 F.3d 338, 341 (3d Cir. 2004) (citing 28 U.S.C. § 2254(b), (c)).  Thus, Petitioner must establish that he has exhausted his state remedies by showing that he presented all his federal claims intended for litigation here to each level of the state court empowered to hear those claims, either by means of direct appeal or during his post-conviction relief ("PCR") proceedings.  See Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); see also O'Sullivan v. Boerckel, 526 U.S. 838 (1999); accord 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented").  Only if all Petitioner's federal claims have been fairly presented to

each level of the state court, is the exhaustion requirement satisfied. See Picard v. Connor, 404 U.S. 270, 275 (1971). It means that the claims heard by the state courts must be the "substantial equivalent" of the claims he is asserting here. See id. at 277.[2] Since the information provided in his application suggests that Petitioner, even if he was already convicted and in custody under the judgment he attacks, has not exhausted his claims, his challenges should be dismissed without prejudice.[3]

---

[2]
>The rationale of the "substantial equivalent" requirement is self-evident in light of the standard of review applicable to federal habeas actions: habeas relief focuses on whether the state court's adjudication of the petitioner['s] claim "resulted . . . or involved an unreasonable application of . . . Supreme Court precedent." 28 U.S.C. § 2254(d). If the legal theory and/or the factual predicate of each claim presented to the state courts differed from the legal theory and factual predicate of the claim presented for federal habeas review, the federal court cannot just "guess," without a record, whether the state courts would have adjudicated the particular legal-theory-and-factual-predicate claim offered for federal review in a fashion not unreasonable under the applicable Supreme Court precedent.

Crumbs v. Balicki, 2011 U.S. Dist. LEXIS 140603, at *3 (D.N.J. Dec. 7, 2011).

[3] This Court's review of the New Jersey state courts' decisions available online did not locate any decision addressing challenges to conviction of a defendant named "Lewis English." Moreover, the application at bar indicates that Petitioner's arrest took place on March 16, 2012, suggesting that the criminal and collateral processes (consisting of pre-trial proceedings, criminal trial, the sentencing and post-trial stages, direct appellate proceedings, application for certification to the Supreme Court of New Jersey, PCR proceedings before the Law Division, resolution of PCR appeal by the Appellate Division and a certification ruling by the Supreme Court of New Jersey as to the PCR) was highly unlikely to complete within the twenty-seven

In light of the foregoing, Petitioner's application will be dismissed either for lack of subject matter jurisdiction or, in the alternative, failure to meet the in-custody requirement or, in the alternative, as unexhausted. However, mindful of the stringent statute of limitations requirements applicable to § 2254 actions, this Court, out of an abundance of caution, will retain temporary jurisdiction over this matter so to ensure that Petitioner has an opportunity to file a <u>bona fide</u> habeas petition stating the date of his conviction, detailing the federal claim(s) he is wishing to raise in this matter and the factual predicate(s) underlying his claim(s), and verifying the fact of his custody and proper exhaustion of his federal claim(s) at all three levels of the state court.[4]

IT IS, therefore, on this **15th** day of **August 2014**,

**ORDERED** that the application docketed as Docket Entry No. 1 is dismissed; and it is further

---

months following that arrest.  Correspondingly, it appears that his challenges raised here are either unexhausted in state fora or the exhaustion process is still underway.

[4]  To facilitate Petitioner's endeavors toward that end, this Court will direct the Clerk to provide Petitioner with a blank copy of this District's current § 2254 petition form which Petitioner is encouraged to follow, in accordance with the instructions provided in that form and the guidance provided to him.  In addition, in the event Petitioner executes and timely submits such complete § 2254 petition form, he shall accompany that form by either his $5 filing fee or by his complete IFP application consisting of his affidavit of poverty and certification of funds.

**ORDERED** that the Clerk shall terminate this matter by making a new and separate entry on the docket reading, "DOCKET ENTRY No. 1 FAILS TO QUALIFY AS A COGNIZABLE PLEADING.  CIVIL CASE ADMINISTRATIVELY TERMINATED SUBJECT TO REOPENING UPON RECEIPT OF PETITIONER'S TIMELY § 2254 PETITION ACCOMPANIED BY HIS FILING FEE OR HIS COMPLETE IFP APPLICATION."  See Papotto v. Hartford Life & Accident Ins. Co., 731 F.3d 265 (3d Cir. 2013) ("administrative closings [are not final dismissals on the merits; rather, they] are a practical tool used by courts to prune overgrown dockets and are particularly useful in circumstances in which a case, though not dead, is likely to remain moribund"); and it is further

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by regular U.S. mail and enclose in said mailing a blank habeas petition form-AO 241 (modified):DNJ-Habeas-008(Rev.01-2014), and a blank in forma pauperis application for individuals seeking to commence a habeas action; and it is further

**ORDERED** that, in the event Petitioner: (a) was in custody under the judgment he is challenging at the time he filed his motion; (b) files, within thirty days from the date of entry of this Memorandum Opinion and Order, his habeas petition executed in accordance with the guidance provided herein and instructions provided in the form; and (c) submits either his filing fee or

his complete in forma pauperis application, this Court will direct the Clerk to reopen this matter and will screen the petition form in accordance with Habeas Rule 4, which requires the Court to sua sponte screen and dismiss any habeas petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." 28 U.S.C. § 2254 Rule 4; see also McFarland v. Scott, 512 U.S. 849, 856 (1994); and it is finally

    **ORDERED** that this Court retains temporary jurisdiction over this matter for the period of ninety days, subject to extension of jurisdiction, if warranted.

                                                   s/Renée Marie Bumb
                                                   **RENÉE MARIE BUMB**
                                                   **United States District Judge**